# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re* **C.J., I.J., and M.J.**

**No. 22-0479** (Braxton County 21-JA-40, 21-JA-47, and 21-JA-48)

## MEMORANDUM DECISION

Petitioner Father V.J.[1] appeals the Circuit Court of Braxton County's May 24, 2022, order terminating his parental and custodial rights to C.J., I.J., and M.J.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In July of 2021, the DHHR filed a petition against C.J.'s mother, alleging abandonment and failure to provide for his basic needs. Petitioner was originally listed as a nonabusing parent, but the petition was amended in August of 2021 to include allegations against petitioner based on his alleged failure to provide monetary or emotional support for C.J. for in excess of one year, noting petitioner's failure to provide for C.J.'s basic necessities despite monthly visits with the child.

In August of 2021, a second amended petition was filed, adding I.J. and M.J. and alleging that petitioner had no contact with the children since November of 2020 and had not provided monetary or emotional support to them. The petition also noted an earlier incident in which petitioner allegedly asked I.J. to supply urine for petitioner to use to pass a drug screen during a previous Child Protective Services case involving the children. A third amended petition was filed in October of 2021, adding that petitioner tested positive for methamphetamine and amphetamine earlier that month. Petitioner was not permitted visitation with any of the children following his positive drug screen in October of 2021.

---

[1]Petitioner appears by counsel Bernard R. Mauser. The West Virginia Department of Health and Human Resources ("DHHR") appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Katica Ribel. Mary E. Snead appears as the child's guardian ad litem.

[2]We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

During the December of 2021 adjudicatory hearing, petitioner admitted to being unemployed for nearly a year, only complying periodically with mandated drug screening, and failing to provide support for the three children. Despite his stated desire to be a part of his children's lives, petitioner admitted to only having monthly visits with C.J. and little to no contact with I.J. and M.J. for a substantial period of time. Ultimately, the circuit court adjudicated petitioner as an abusive and neglectful parent based upon his admissions. A dispositional hearing was set for April of 2022.

In the interim, petitioner initially participated in parenting and adult life skills education, but his participation became sporadic. In all, petitioner attended only three sessions, the last of which was in February of 2022, after which he largely ignored communications from his service provider. Around that time, petitioner also stopped regularly submitting to drug screens. Despite several negative drug screens up until that point, petitioner again tested positive for methamphetamine and amphetamine in April of 2022 and did not comply with court-ordered hair follicle testing. Further, petitioner did not submit to the psychological evaluation he was ordered to attend.

In April of 2022, petitioner filed a motion for an improvement period. The circuit court denied the motion at the dispositional hearing held later that month, finding that petitioner failed to appear at the hearing and that no evidence had been presented to suggest he would comply with either the circuit court's orders or the terms of an improvement period. Instead, the circuit court found that petitioner had not seen C.J. since approximately October of 2021 or I.J. and M.J. for a number of years; that petitioner did not have suitable housing for the children, was unemployed, and continued to test positive for controlled substances; and that the same affected his ability to properly parent the children. Accordingly, the circuit court concluded there were no reasonable grounds to believe that the conditions giving rise to the abuse and neglect could be corrected in the foreseeable future, that there was not a less restrictive alternative than the termination of petitioner's parental and custodial rights, and that termination was in the best interest of the children who were thriving in their current placements. Accordingly, the circuit court terminated petitioner's parental and custodial rights to all three children.[3]

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Petitioner first argues that the circuit court erred in denying his request for an improvement period, asserting that he was not provided with an opportunity to prove he could modify his conduct or with an opportunity to visit his children and, thereby, prove he could properly parent them. We find, however, that petitioner is entitled to no relief as he ignores the fact that he had the entirety of the case to demonstrate compliance with offered services and court-ordered drug screening, yet failed to do so. Further, visitation was denied due to petitioner's ongoing substance abuse and failure to properly screen, issues within his control.

---

[3]All parents' parental and custodial rights have been terminated. The permanency plan for all three children is adoption in their current placements.

To obtain an improvement period under West Virginia Code § 49-4-610, the parent must first demonstrate that they are likely to fully participate in the improvement period. Simply put, the record shows that petitioner regressed in compliance with both offered services and court-ordered drug testing. Petitioner ceased attending parenting and life skills classes, ignored communications sent by the service provider, disregarded his psychological evaluation, failed to obtain gainful employment or a fit home, and only sporadically complied with drug screening— and, even then, tested positive on several occasions. Importantly, a circuit court has the discretion to deny a motion for an improvement period when no improvement is likely. *In re Tonjia M.*, 212 W. Va. 443, 448, 573 S.E.2d 354, 359 (2002). Here, based on petitioner's noted noncompliance, the circuit court found improvement unlikely. As such, we find no error in the circuit court's decision to deny petitioner's motion for an improvement period.

For the same reasons noted above, petitioner also argues that the circuit court erred in terminating his parental rights to C.J., I.J., and M.J. Again, petitioner stresses that he was denied visitation and that the DHHR failed to meaningfully assist him between adjudication and disposition. However, petitioner ignores that his demonstrated noncompliance with offered services and required drug screening, accompanied by his attempt to shift the blame for such behavior to the circuit court and the DHHR, is strong evidence of his inability to correct the conditions of abuse and neglect in the near future, and it is clear that the evidence overwhelmingly supported the circuit court's findings regarding termination. Because the circuit court made the requisite findings based upon ample evidence to support termination of petitioner's parental rights, we find no error. *See* W. Va. Code § 49-4-604(c)(6) (permitting a circuit court to terminate parental rights upon finding that there is no reasonable likelihood that the conditions of abuse and neglect can be substantially corrected in the near future and when necessary for the child's welfare); *see also* Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011) (permitting termination of parental rights "without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood . . . that conditions of neglect or abuse can be substantially corrected").

For the foregoing reasons, we find no error in the decision of the circuit court, and its May 24, 2022, order is hereby affirmed.

Affirmed.

**ISSUED**: February 7, 2023

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn